## Lackawanna Land Company v. Stefanovitch.

*Ejectment—Judgment by default—Mesne profits—Act of June 12, 1919.*

1. In an action of ejectment, judgment by default for want of an appearance may be entered under the Act of June 12, 1919, P. L. 478, but such judgment will be definitive only as to the land sued for.

2. If mesne profits are demanded in such action, the judgment is interlocutory, and such profits must be assessed either at common law by a sheriff's jury or at the bar of the court by a jury drawn from a regular *venire*, as provided by the Act of May 22, 1722, § 27, 1 Sm. Laws, 144.

3. *It seems* that if the judgment is not by default, but upon the pleadings, the question of mesne profits may be determined by the court on the pleadings.

Ejectment. Claim for mesne profits. C. P. Lackawanna Co., Nov. T., 1922, No. 245.

*W. W. Watson,* for plaintiff; *Sidney Grabowski,* for defendant.

NEWCOMB, J.—The action is ejectment for a town lot in this city. The writ was duly served on defendant in person, Oct. 4th, as appears by the official return, verified on oath, of the sheriff. Within a week thereafter plaintiff's declaration was filed with claim for mesne profits at a certain yearly figure. Defendant has not seen fit to appear, and in February, this year, plaintiff took this rule, not only for recovery of the land, but also for the profits so claimed, and the only trouble is on that branch of the motion. Doubt was expressed when the rule to show cause was entered, which further consideration only serves to confirm.

Counsel's purpose is to test the scope of the statute now regulating the recovery of judgment in such case where defendant has made default: Act of June 12, 1919, P. L. 478. This was an amendment of its predecessor, which provided for judgment on the pleadings. What was added by way of amendment has to do only with judgment by default.

Touching the authority to direct judgment on the pleadings, it might be construed to cover the subject of damages; but no opinion upon the question can now be expressed. It is to be observed that the respective subject-matters of the two provisions have little in common. The one provides for "such judgment on the pleadings in favor of either party, as it may appear to the court the party is entitled to."

Contemplating, as this does, a judgment on the merits, it is conceivable that the damages to which a successful plaintiff would be entitled in a given case might be so defined by the pleadings as to reduce itself to a question of law. In that event, one might be at a loss to assign any satisfactory reason why it should not be then and there disposed of as a mere incident to the recovery of the land.

But a judgment for the land by defendant's default admits of no such speculation on the subject of damages. There is no issue to be dealt with. The right to judgment is statutory, and cannot be enlarged beyond the bounds defined by the statute, namely, "for such lands as the defendant in default may be possessed of."

Damages for detention of land, technically known as mesne profits, sound strictly in tort. Hence, the common law jurisdiction to assess the amount can be varied only by statute. The Act of 1919 authorizes judgment by default for the land, "and," it adds, "a writ may issue from such judgment."

As this must be deemed to refer to a writ of *hab. fa.,* the judgment must be regarded as definitive *pro tanto.* As to the mesne profits, it would be interlocutory, and the only statutory process for assessing the amount is believed to be the act cited below. Hence, plaintiff has its choice between that

and the common law process by sheriff's inquisition. In either case the jurisdiction is that of a jury, the statute merely enabling plaintiff to have the question tried at the bar of the court by a jury from a regular *venire*, instead of a special panel selected by the sheriff.

The rule to show cause is made absolute, and judgment is directed to be entered for plaintiff for the land described in the writ. So far as the motion is aimed at the recovery of mesne profits, the same is vacated without prejudice to plaintiff's right to have further proceedings, either at common law or under the Act of May 22, 1722, § 27, 1 Sm. Laws, 144, to assess the damages sustained in the premises.

From William A. Wilcox, Scranton, Pa.